$400 CMR

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ARTHERIA TAGGART, LANYA CARRINGTON, by and through her parent and natural guardian, Artheria Taggart, and SHAKIRA TRUELL | : | |
| *Plaintiffs*, | : | CIVIL ACTION NO. |
| v. | : | 17 1566 |
| CHARLES STEWART and MARATHON TRANSPORT, INC. | : | |
| *Defendants.* | : | |

**CIVIL ACTION COMPLAINT**

## I. PARTIES

1. Plaintiff Artheria Taggart is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 545 S. 4th Street, Colwyn, PA 19023. The Plaintiff is a citizen of Pennsylvania for purposes of diversity jurisdiction.

2. Plaintiff LaNya Carrington, a minor, is an individual and citizen of the Commonwealth of Pennsylvania, residing therein at 545 S. 4th Street, Colwyn, PA 19023. The Plaintiff is a citizen of Pennsylvania for purposes of diversity jurisdiction.

3. Plaintiff Shakira Truell is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 545 S. 4th Street, Colwyn, PA 19023. The Plaintiff is a citizen of Pennsylvania for purposes of diversity jurisdiction.

4. Defendant Charles Stewart is an adult individual and citizen of the State of Arizona, residing therein at 65 N. Homestead Street, Colorado City, AZ 86021. The Defendant is a citizen of Arizona for purposes of diversity jurisdiction.

5. Defendant, Marathon Transport, Inc., was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of Minnesota, with a principal place of business and corporate headquarters located therein at 1750 Soderville Drive, Ham Lake, MN 55304. The Defendant is a citizen of Minnesota for purposes of diversity jurisdiction.

## II. JURISDICTION AND VENUE

6. Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

7. The amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and fees.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the acts or omissions giving rise to the within claims occurred within the district.

## III. STATEMENT OF CLAIMS

9. At all times material herein, Defendant Charles Stewart owned, leased, possessed, maintained, controlled and/or operated a certain Volvo tractor trailer, Utah license plate #Z041549, which was involved in the motor vehicle accident hereinafter described.

10. At all times material herein, Defendant Marathon Transport, Inc. owned, leased, possessed, maintained, and/or controlled the aforesaid Volvo tractor trailer, Utah license plate #Z041549, which was involved in the motor vehicle accident hereinafter described.

11. On or about December 24, 2015, Plaintiff Artheria Taggart was operating a certain Hyundai motor vehicle, Pennsylvania license plate #JMP9623, which was traveling westbound in a travel lane in the parking lot of 2600 E. MacDade Boulevard in Holmes, Pennsylvania, which was involved in the motor vehicle accident hereinafter described.

12. On or about December 24, 2015, Plaintiff LaNya Carrington was a rear seated passenger in the aforementioned Hyundai motor vehicle, Pennsylvania license plate #JMP9623, which was being operated by her mother, Plaintiff Artheria Taggart, which was traveling westbound in a travel lane in the parking lot of 2600 E. MacDade Boulevard in Holmes, Pennsylvania, and which was involved in the motor vehicle accident hereinafter described.

13. On or about December 24, 2015, Plaintiff Shakira Truell was a front seated passenger in the aforementioned Hyundai motor vehicle, Pennsylvania license plate #JMP9623, which was being operated by her mother, Plaintiff Artheria Taggart, which was traveling westbound in a travel lane in the parking lot of 2600 E. MacDade Boulevard in Holmes, Pennsylvania, and which was involved in the motor vehicle accident hereinafter described.

14. On or about December 24, 2015, Plaintiff Artheria Taggart was lawfully operating the aforesaid motor vehicle, traveling westbound in a travel lane in the parking lot of 2600 E. MacDade Boulevard, when, suddenly and without warning, the aforesaid tractor trailer operated by Defendant Charles Stewart and owned by Defendant Marathon Transport, Inc., which was traveling eastbound in the same parking lot, made a left turn and, struck Plaintiffs' vehicle with such force so as to cause Plaintiffs to sustain severe and permanent injuries as described more fully hereinafter.

15. The aforementioned motor vehicle accident was caused solely and exclusively by reason of the negligence, carelessness and recklessness of Defendants, and was due in no manner to any act or failure to act on the part of Plaintiffs.

**COUNT I**
**ARTHERIA TAGGART v. CHARLES STEWART**
**NEGLIGENCE**

16. Plaintiff hereby incorporates by reference paragraphs one (1) through fifteen (15) of the within Complaint as though the same were fully set forth at length herein

17. The aforesaid motor vehicle accident was caused solely by the negligence, carelessness and recklessness of Defendant Charles Stewart which consisted of the following:

(a) operating the aforesaid motor vehicle at a high and excessive rate of speed under the circumstances;

(b) failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

(c) operating the aforesaid motor vehicle in an unsafe manner without due regard for the rights and safety of those lawfully upon the roadway, one of whom was the Plaintiff, more specifically making an improper left turn and striking Plaintiffs' vehicle;

(d) failing to give proper and sufficient warning of the approach of the aforesaid motor vehicle;

(e) failing to maintain a proper lookout upon the roadway;

(f) failing to regard the point and position of other vehicles upon the roadway;

(g) failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

(h) operating a motor vehicle with disregard for the safety of persons upon the roadway;

(i) failing to prevent the aforesaid motor vehicle from colliding with Plaintiffs' vehicle;

(j) otherwise failing to exercise due and proper care under the circumstances; and

(k) violating various ordinances and statutes pertaining to the operation of motor vehicles.

18. By reason of the aforesaid negligence, carelessness and recklessness of the Defendant, Plaintiff Artheria Taggart has suffered severe and permanent injuries including, but not limited to, injuries to her neck, shoulders and right arm as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

19. As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

20. As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

21. As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which she claims damages herein.

22. Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

23. As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

24. As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

25. As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

26. Plaintiff Artheria Taggart in no manner contributed to her injuries which were the direct and proximate result of the Defendant's negligence, carelessness and recklessness.

27. At all times relevant hereto, Plaintiff Artheria Taggart is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

28. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Artheria Taggart, demands judgment in her favor and against Defendant, Charles Stewart, in an amount in excess of $75,000.00, including punitive damages, together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

**COUNT II**
**ARTHERIA TAGGART v. MARATHON TRANSPORT, INC.**
**NEGLIGENT ENTRUSTMENT**

29. Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-eight (28) of the within Complaint as though the same were fully set forth at length herein.

30. The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of Defendant Marathon Transport, Inc., jointly and severally and/or vicariously pursuant to 75 Pa.C.S.A. § 1574 which consisted of the following:

(a) operating the aforesaid motor vehicle at a high and excessive rate of speed under the circumstances;

(b) failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

(c) operating the aforesaid motor vehicle in an unsafe manner without due regard for the rights and safety of those lawfully upon the roadway, one of whom was the Plaintiff, more specifically making an improper left turn and striking Plaintiffs' vehicle;

(d) failing to give proper and sufficient warning of the approach of the aforesaid motor vehicle;

(e) failing to maintain a proper lookout upon the roadway;

(f) failing to regard the point and position of other vehicles upon the roadway;

(g) failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

(h) operating a motor vehicle with disregard for the safety of persons upon the roadway;

(i) failing to prevent the aforesaid motor vehicle from colliding with Plaintiffs' vehicle;

(j) entrusting a motor vehicle to Defendant Stewart;

(k) failing to discover prior motor vehicle accidents of Defendant Stewart;

(l) failing to properly recognize prior incidences of Defendant Stewart driving in a negligent and/or careless manner;

(m) failing to properly hire employees qualified to drive;

(n) failing to properly train, monitor and supervise its employees;

(o) failing to train employees on proper driving safety;

(p) otherwise failing to exercise due and proper care under the circumstances; and

(q) violating various ordinances and statutes pertaining to the operation of motor vehicles.

31. By reason of the aforesaid negligence of the Defendant, Plaintiff Artheria Taggart has suffered severe and permanent injuries including, but not limited to, injuries to her neck, shoulders and right arm as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

32. As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

33. As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

34. As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which she claims damages herein.

35. Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

36. As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

37. As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

38. As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

39. Plaintiff Artheria Taggart in no manner contributed to her injuries which were the direct and proximate result of the Defendant's negligence and carelessness.

40. At all times relevant hereto, Plaintiff Artheria Taggart is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

41. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Artheria Taggart, demands judgment in her favor and against Defendant, Marathon Transport, Inc., in an amount in excess of $75,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

**COUNT III**
**LANYA CARRINGTON, a minor, by and through her parent and natural guardian, Artheria Taggart v. CHARLES STEWART**
**NEGLIGENCE**

42. Plaintiff hereby incorporates by reference paragraphs one (1) through forty-one (41) of the within Complaint as though the same were fully set forth at length herein

43. The aforesaid motor vehicle accident was caused solely by the negligence, carelessness and recklessness of Defendant Charles Stewart which consisted of the following:

(a) operating the aforesaid motor vehicle at a high and excessive rate of speed under the circumstances;

(b) failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

(c) operating the aforesaid motor vehicle in an unsafe manner without due regard for the rights and safety of those lawfully upon the roadway, one of whom was the Plaintiff, more specifically making an improper left turn and striking Plaintiffs' vehicle;

(d) failing to give proper and sufficient warning of the approach of the aforesaid motor vehicle;

(e) failing to maintain a proper lookout upon the roadway;

(f) failing to regard the point and position of other vehicles upon the roadway;

(g) failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

(h) operating a motor vehicle with disregard for the safety of persons upon the roadway;

(i) failing to prevent the aforesaid motor vehicle from colliding with Plaintiffs' vehicle;

(j) otherwise failing to exercise due and proper care under the circumstances; and

(k) violating various ordinances and statutes pertaining to the operation of motor vehicles.

44. By reason of the aforesaid negligence, carelessness and recklessness of the Defendant, Plaintiff LaNya Carrington has suffered severe and permanent injuries including, but not limited to, injuries to her back as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

45. As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

46. As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

47. As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which she claims damages herein.

48. Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

49. As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

50. As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

51. As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

52. Plaintiff LaNya Carrington in no manner contributed to her injuries which were the direct and proximate result of the Defendant's negligence, carelessness and recklessness.

53. At all times relevant hereto, Plaintiff LaNya Carrington is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

54. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, LaNya Carrington, a minor, by and through her parent and natural guardian, Artheria Taggart, demands judgment in her favor and against Defendant, Charles Stewart, in an amount in excess of $75,000.00, including punitive damages, together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

**COUNT IV**
**LANYA CARRINGTON, a minor, by and through her parent and natural guardian, Artheria Taggart v. MARATHON TRANSPORT, INC.**
**NEGLIGENT ENTRUSTMENT**

55. Plaintiff hereby incorporates by reference paragraphs one (1) through fifty-four (54) of the within Complaint as though the same were fully set forth at length herein.

56. The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of Defendant Marathon Transport, Inc., jointly and severally and/or vicariously pursuant to 75 Pa.C.S.A. § 1574 which consisted of the following:

(a) operating the aforesaid motor vehicle at a high and excessive rate of speed under the circumstances;

(b) failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

(c) operating the aforesaid motor vehicle in an unsafe manner without due regard for the rights and safety of those lawfully upon the roadway, one of whom was the Plaintiff, more specifically making an improper left turn and striking Plaintiffs' vehicle;

(d) failing to give proper and sufficient warning of the approach of the aforesaid motor vehicle;

(e) failing to maintain a proper lookout upon the roadway;

(f) failing to regard the point and position of other vehicles upon the roadway;

(g) failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

(h) operating a motor vehicle with disregard for the safety of persons upon the roadway;

(i) failing to prevent the aforesaid motor vehicle from colliding with Plaintiffs' vehicle;

(j) entrusting a motor vehicle to Defendant Stewart;

(k) failing to discover prior motor vehicle accidents of Defendant Stewart;

(l) failing to properly recognize prior incidences of Defendant Stewart driving in a negligent and/or careless manner;

(m) failing to properly hire employees qualified to drive;

(n) failing to properly train, monitor and supervise its employees;

(o) failing to train employees on proper driving safety;

(p) otherwise failing to exercise due and proper care under the circumstances; and

(q) violating various ordinances and statutes pertaining to the operation of motor vehicles.

57. By reason of the aforesaid negligence of the Defendant, Plaintiff LaNya Carrington has suffered severe and permanent injuries including, but not limited to, injuries to her neck, shoulders and right arm as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

58. As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

59. As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

60. As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania

Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which she claims damages herein.

61. Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

62. As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

63. As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

64. As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

65. Plaintiff LaNya Carrington in no manner contributed to her injuries which were the direct and proximate result of the Defendant's negligence and carelessness.

66. At all times relevant hereto, Plaintiff LaNya Carrington is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

67. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, LaNya Carrington, a minor, by and through her parent and natural guardian, Artheria Taggart, demands judgment in her favor and against Defendant, Marathon Transport, Inc., in an amount in excess of $75,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

**COUNT V**
**SHAKIRA TRUELL v. CHARLES STEWART**
**<u>NEGLIGENCE</u>**

68. Plaintiff hereby incorporates by reference paragraphs one (1) through sixty-seven (67) of the within Complaint as though the same were fully set forth at length herein

69. The aforesaid motor vehicle accident was caused solely by the negligence, carelessness and recklessness of Defendant Charles Stewart which consisted of the following:

(a) operating the aforesaid motor vehicle at a high and excessive rate of speed under the circumstances;

(b) failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

(c) operating the aforesaid motor vehicle in an unsafe manner without due regard for the rights and safety of those lawfully upon the roadway, one of whom was the Plaintiff, more specifically making an improper left turn and striking Plaintiffs' vehicle;

(d) failing to give proper and sufficient warning of the approach of the aforesaid motor vehicle;

(e) failing to maintain a proper lookout upon the roadway;

(f) failing to regard the point and position of other vehicles upon the roadway;

(g) failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

(h) operating a motor vehicle with disregard for the safety of persons upon the roadway;

(i) failing to prevent the aforesaid motor vehicle from colliding with Plaintiffs' vehicle;

(j) otherwise failing to exercise due and proper care under the circumstances; and

(k) violating various ordinances and statutes pertaining to the operation of motor vehicles.

70. By reason of the aforesaid negligence, carelessness and recklessness of the Defendant, Plaintiff Shakira Truell has suffered severe and permanent injuries including, but not limited to, injuries to her right shoulder as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

71. As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

72. As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

73. As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which she claims damages herein.

74. Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

75. As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

76. As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

77. As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

78. Plaintiff Shakira Truell in no manner contributed to her injuries which were the direct and proximate result of the Defendant's negligence, carelessness and recklessness.

79. At all times relevant hereto, Plaintiff Shakira Truell is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

80. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Shakira Truell, demands judgment in her favor and against Defendant, Charles Stewart, in an amount in excess of $75,000.00, including punitive damages, together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

**COUNT VI**
**SHAKIRA TRUELL v. MARATHON TRANSPORT, INC.**
**NEGLIGENT ENTRUSTMENT**

81. Plaintiff hereby incorporates by reference paragraphs one (1) through eighty (80) of the within Complaint as though the same were fully set forth at length herein.

82. The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of Defendant Marathon Transport, Inc., jointly and severally and/or vicariously pursuant to 75 Pa.C.S.A. § 1574 which consisted of the following:

(a) operating the aforesaid motor vehicle at a high and excessive rate of speed under the circumstances;

(b) failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

(c) operating the aforesaid motor vehicle in an unsafe manner without due regard for the rights and safety of those lawfully upon the roadway, one of whom was the Plaintiff, more specifically making an improper left turn and striking Plaintiffs' vehicle;

(d) failing to give proper and sufficient warning of the approach of the aforesaid motor vehicle;

(e) failing to maintain a proper lookout upon the roadway;

(f) failing to regard the point and position of other vehicles upon the roadway;

(g) failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

(h) operating a motor vehicle with disregard for the safety of persons upon the roadway;

(i) failing to prevent the aforesaid motor vehicle from colliding with Plaintiffs' vehicle;

(j) entrusting a motor vehicle to Defendant Stewart;

(k) failing to discover prior motor vehicle accidents of Defendant Stewart;

(l) failing to properly recognize prior incidences of Defendant Stewart driving in a negligent and/or careless manner;

(m) failing to properly hire employees qualified to drive;

(n) failing to properly train, monitor and supervise its employees;

(o) failing to train employees on proper driving safety;

(p) otherwise failing to exercise due and proper care under the circumstances; and

(q) violating various ordinances and statutes pertaining to the operation of motor vehicles.

83. By reason of the aforesaid negligence of the Defendant, Plaintiff Shakira Truell has suffered severe and permanent injuries including, but not limited to, injuries to her right shoulder as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

84. As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

85. As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

86. As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the

amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which she claims damages herein.

87. Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

88. As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

89. As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

90. As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

91. Plaintiff Shakira Truell in no manner contributed to her injuries which were the direct and proximate result of the Defendant's negligence and carelessness.

92. At all times relevant hereto, Plaintiff Shakira Truell is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

93. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Shakira Truell, demands judgment in her favor and against Defendant, Marathon Transport, Inc., in an amount in excess of $75,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

Respectfully,

**SWARTZ CULLETON PC**

By: ______________________________

Brandon A. Swartz, Esquire
Maria K. McGinty-Ferris, Esquire
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorneys for Plaintiffs,
Artheria Taggart, LaNya Carrington, and
Shakira Truell

Date: March 31, 2017

JS 44 (Rev. 12/07) CMR

17-cv-1566

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

17 1566

**I. (a) PLAINTIFFS**
Artheria Taggart, LaNya Carrington, and Shakira Truell

**(b)** County of Residence of First Listed Plaintiff: Delaware County, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Swartz Culleton PC-547 E. Washington Ave, Newtown, PA 18940
(215) 550-6553

**DEFENDANTS**
Charles Stewart and Marathon Transport, Inc.

County of Residence of First Listed Defendant: Mohave County, AZ
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

GU

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**: 28 U.S.C 1391
Brief description of cause: Motor Vehicle Accident

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** in excess of $75,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: 03/31/2017
SIGNATURE OF ATTORNEY OF RECORD

APR -6 2017

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

Print Form

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

17 1566

Address of Plaintiff: 545 S. 4th Street, Colwyn, PA 19023

Address of Defendant: 65 N. Homestead Street, Colorado City, AZ 86021/1750 Soderville Drive, Ham Lake, MN 55304

Place of Accident, Incident or Transaction: Delaware County, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes ☐ No ☒

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☒

*RELATED CASE, IF ANY:*

Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes ☐ No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Brandon A. Swartz, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

☒ Arb case

DATE: 03/31/2017 ______ Attorney-at-Law 78344 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

APR - 6 2017

DATE: 03/31/2017 ______ Attorney-at-Law 78344 Attorney I.D.#

CIV. 609 (6/08)

Print Form

CMR

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Artheria Taggart, LaNya Carrington, a minor, and Shakira Truell : CIVIL ACTION

v. :

Charles Stewart and Marathon Transport, Inc. : NO. 17 1566

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

| | | |
|---|---|---|
| 03/31/2017 | Brandon A. Swartz | Plaintiffs Taggart, Carrington, & Truell |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-550-6553 | 215-550-6557 | bswartz@swartzculleton.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

APR - 6 2017